**Leo LODEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 56978.**

Court of Criminal Appeals of Texas.
Panel No. 1.

Feb. 1, 1978.

2. Cause Nos. 116278, 123079, 124077, 124502, 124507, 124508, 124509, 124511–124515, 124517, 124520, and 124526–124531.

John W. Key, Jr., Athens, for appellant.

Melvin D. Whitaker, Dist. Atty., Athens, for the State.

Before TOM G. DAVIS, DALLY, and W. C. DAVIS, JJ.

## OPINION

DALLY, Judge.

This is an appeal from an order revoking probation.

Appellant pled guilty to the felony offense of driving a motor vehicle on a public highway while intoxicated. On July 28, 1975, punishment was assessed at imprisonment for 3 years, probated. One of the conditions of probation was that appellant commit no offense against the laws of this state.

On January 7, 1977, a second amended motion to revoke probation was filed alleging that appellant had appeared in a public place under the influence of alcohol to the degree that he endangered himself and others. After hearing evidence, the trial court revoked appellant's probation and imposed sentence on January 12, 1977. Appellant contends that it was not proved he was intoxicated in a public place or that he was a danger to himself or others.

On the night of January 2, 1977, appellant and two companions entered the Sundance Saloon, a bar in or near Caney City, where they ordered and drank beer. Appellant was arrested at the bar at about 10:30 p. m., by an officer responding to a disturbance call by the bartender. The arresting officer testified that appellant was intoxicated. The bartender testified that appellant was intoxicated, had been using profane and abusive language, and had thrown a beer bottle which shattered two or three feet from her. Appellant denied throwing the bottle.

Appellant contends that a bar is not within the statutory definition of "public place." V.T.C.A. Penal Code, Sec. 1.07(a)(29), defines "public place" as "any place to which the public or a substantial group of the public has access . . . ." Although no witness expressly testified that the Sundance Saloon was a public place, the evidence shows that it was open to the public for business on the night in question. We hold that a bar open to the public for business is a public place under Penal Code, Sec. 1.07(a)(29), supra.

Appellant also contends that it was not proved he was a danger to himself or others. However, the bartender, whom the trial court obviously believed, testified that appellant threw a beer bottle in her general direction. Such an act constitutes a danger to others.

We find that a preponderance of the evidence establishes a violation of V.T.C.A. Penal Code, Sec. 42.08(a). We do not reach appellant's challenges to the sufficiency of the evidence with regard to the other alleged probation violations.

The trial court did not abuse its discretion in revoking probation. The judgment is affirmed.