**Ex parte Monty Ray JORDAN.**

**No. 57241.**

Court of Criminal Appeals of Texas,
Panel No. 1.

March 8, 1978.

Before TOM G. DAVIS, DALLY and W. C. DAVIS, JJ.

OPINION

W. C. DAVIS, Judge.

This is an application for writ of habeas corpus, Art. 11.07, Vernon's Ann.C.C.P.

Petitioner asserts that the order which purports to run the sentences in Cause Nos. 12654–A and 12667 cumulative to "the current sentence" is void.

On October 29, 1971, the petitioner was convicted in the 194th District Court of Dallas County in Cause No. C–71–7883–LM for the delivery of marihuana. He received a ten-year probated sentence. On April 13, 1972, his probation was revoked and he was sentenced to ten years imprisonment in the Texas Department of Corrections. On July 18, 1972, he was convicted in the 194th District Court of Dallas County in Cause No. C–72–2324–JM for possession of marihuana and received a ten-year sentence. The sentences in Cause Nos. C–71–7883–LM and C–72–2324–JM were to run concurrently, as of April 13, 1972.

On July 12, 1975, petitioner, apparently having been paroled, was convicted in the 102nd District Court of Red River County in Cause No. 12654–A for burglary. While awaiting sentencing, he escaped, was recaptured and received a two-year sentence on February 9, 1976, which was to "begin and operate from and after the current sentence now being served in the Texas Department

of Corrections." On that date, he also pled guilty in the same district court in Cause No. 12667 to an escape charge, and received a two-year sentence to run concurrently with the two-year sentence in Cause No. 12654–A.

 Trial judges are given the discretion to cumulate sentences by statute. Article 42.08, Vernon's Ann.C.C.P. However, to be valid, the cumulative order must be specific. In *Ex parte Lewis*, 414 S.W.2d 682 (Tex.Cr. App.1967), it was stated by this Court:

> "A sentence is a final judgment and should be sufficient on its face to effect its purpose without resort to evidence in aid thereof. It should further convey to the authorities at the Texas Department of Corrections or any County jail clear and unequivocal orders of the trial court so that they may know definitely how long to detain the convict or prisoner."

It has been said that a cumulative order should reflect: (1) the trial court number of the prior conviction; (2) the correct name of the court where the prior conviction was taken; (3) the date of the prior conviction; (4) the term of the years of the prior conviction; and (5) the nature of the prior conviction. *Ward v. State*, 523 S.W.2d 681 (Tex. Cr.App.1975). Orders containing less than the recommended elements of a cumulative order have been upheld. *Phillips v. State*, 488 S.W.2d 97 (Tex.Cr.App.1972). For example, this Court has upheld orders reciting two of the above details. *Ex parte March*, 423 S.W.2d 916 (Tex.Cr.App.1968). Further, we have approved an order referring only to the previous conviction's cause number, where the court entering the order is the court which heard the prior cause. *Ex parte Lewis*, supra.

 Clearly, the cumulating order in the instant case, that "said sentences do begin and operate from and after the current sentence now being served in the Texas Department of Corrections," is insufficient, and therefore void. As the cumulating order is without effect, it is this Court's order that the judgment of the 102nd District Court, dated February 9, 1976, is hereby corrected to show that the sentences in Cause Nos. 12654–A and 12667 will begin as of the day they were pronounced, February 9, 1976, and will run concurrently with the Dallas County sentences C–71–7883–LM and C–72–2324–JM, which were run concurrently, effective April 13, 1972. Article 42.-09, Sec. 2, Vernon's Ann.C.C.P.; *Ex parte Davis*, 506 S.W.2d 882 (Tex.Cr.App.1974).

A copy of this order shall be delivered to the Texas Department of Corrections.

Relief granted.