**Luis Manuel Ocampo DIAZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 65602.**

Court of Criminal Appeals of Texas,
Panel No. 3.

Dec. 17, 1980.

Richard R. Alvarado, Odessa, for appellant.

Steve W. Simmons, Dist. Atty., and R. Bradford Stiles, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, ODOM and PHILLIPS, JJ., and QUENTIN KEITH, C.

OPINION

QUENTIN KEITH, Commissioner.

The appeal is from an order revoking probation and the sole question is the validity of a cumulation order.

On January 3, 1979, appellant pleaded guilty to burglary of a habitation in the 120th District Court, in Cause No. 32588–120. His punishment was fixed at ten years confinement but imposition of the sentence was suspended and appellant placed on adult probation, one of the conditions being that he commit no offense under the laws of this or any other state or of the United States.

On October 12, 1979, appellant pleaded guilty to an indictment charging him with burglary of a habitation on September 19, 1979. This conviction in Cause No. 33761–34 was had in the 205th District Court on an indictment then pending in the 34th District Court. Again, his punishment was fixed at confinement for ten years; but, again, imposition of sentence was suspended and appellant placed upon adult probation.

Thereafter, State's counsel filed a motion to revoke the probation ordered in the 120th District Court (Cause No. 32588–120) on the

ground that appellant had violated the terms thereof because of his subsequent conviction on the indictment returned to the 34th District Court (Cause No. 33761–34).

In the revocation proceedings, appellant was represented by appointed counsel and had the assistance of an interpreter. After being admonished at length by the trial court, he signed a stipulation showing his guilt to the subsequent offense and pleaded true to the allegations in the motion to revoke. At the conclusion of the hearing, his probation was revoked and his punishment fixed at not less than five nor more than ten years confinement.

The sentence reads, in part:

"[T]he said Defendant shall be confined in said penitentiary for AN INDETERMINATE PERIOD OF NOT LESS THAN FIVE (5) YEARS NOR MORE THAN TEN (10) YEARS AND TO RUN CONSECUTIVELY WITH CAUSE NO. 33761–34 to date from AUGUST 16, 1979 in accordance with the provision of the law . . . ."

The sole ground of error is that the cumulative provision of the sentence is void. We agree and reform the sentence in accordance with law.

■ Almost annually, the question presented by this appeal recurs and we reaffirm our prior holdings and set out the necessary contents of cumulation orders. One of our most recent expressions is to be found in *Young v. State*, 579 S.W.2d 10 (Tex.Cr.App.1979). We set out the requisites of a cumulation order in simple and understandable language. It is repeated here:

"In *Ward v. State*, 523 S.W.2d 681, it was noted that this Court had recommended that cumulation orders contain:

'(1) the trial number of the prior conviction;

'(2) the correct name of the court where the prior conviction was taken;

'(3) the date of the prior conviction;

'(4) the term of years of the prior conviction;

'(5) the nature of the prior conviction.' " [1]

There are a few exceptions to the general rules laid down in the cited cases. See *Ex parte Jordan*, 562 S.W.2d 483, 484 (Tex.Cr. App.1978), and authorities therein cited.

We note, particularly, that the subsequent conviction which triggered the revocation was not in the revocation court but in another district court. See and cf., *Ex parte Lewis*, 414 S.W.2d 682, 683 (Tex.Cr. App.1967), cited in *Jordan*, supra.

■ The cumulation order in this case includes only one of the requisite elements listed in *Ward v. State*, supra. The sentence gives us the trial court number of the prior conviction. We only assume that the "correct name of the court where the prior conviction was taken" was the 34th District Court because of the appearance of a hyphen and the numerals "34" following the cause number. The date of the prior conviction is not shown.[2]

As noted earlier, we are unable to determine with preciseness the date sentence was imposed in Cause No. 33761–34; but, we do know that sentence in this case was imposed March 27, 1980.[3] Thus, we now

---

1. The listing of the essential requisites of a cumulation order by Judge Dally in *Ward*, supra, was in essence but a restatement of the elements of such an order as set out by Judge Roberts in the 1974 version of the rule. See *Ex parte Davis*, 506 S.W.2d 882, 883 (Tex.Cr.App. 1974).

2. Perhaps, the mention of August 16, 1979, is the date of such conviction but such is not shown with certainty in our record.

3. The sentence which we review in our record is a photocopy of a lengthy printed form of an

order revoking adult probation. It is apparent that the typist had difficulty including even one element of the five–part requirement in the printed form. We do not prepare forms for trial court use; but we do suggest that either a new form with sufficient space available be secured or consideration be given to preparing the cumulative order in written form which complies with the case law set out in the many decisions of this Court.

correct the sentence in the case at bar to show that it will begin to run as of the date it was pronounced, and will run concurrently with the sentence imposed in Cause No. 33761–34.

The cumulation portion of the order revoking probation is void under the authorities cited in *Young v. State*, supra (579 S.W.2d at 11). Such infirmity does not, however, affect the validity of the order revoking probation and that portion of the order is affirmed. A copy of this order shall be delivered to the Texas Department of Corrections. *Ex parte Jordan*, supra.

Modified and Affirmed.

Opinion approved by the panel.