**Reagan James CALDWELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–81–076–CR.**

Court of Appeals of Texas,
Texarkana.

June 15, 1982.
Rehearing Granted Aug. 31, 1982.

Murry B. Cohen, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Bill Willms, Asst. Dist. Atty., Houston, for appellee.

CORNELIUS, Chief Justice.

In a jury trial appellant was convicted of attempted capital murder and sentenced to thirty years confinement. The appeal urges three errors for reversal: the entry of a void sentence cumulation order; ineffectiveness of trial counsel; and the trial court's failure to quash the indictment or grant an instructed verdict of acquittal. We resolve these issues in the State's favor and affirm the conviction.

The State moved to cumulate the sentence in this case with the sentence imposed on appellant in an aggravated robbery conviction in cause Number 266660 in the same court on January 9, 1978. The court granted the motion but in the sentence ordered only that "... this sentence is to begin when the Sentence in cause number 266660, entitled, The State of Texas vs. Reagan James Caldwell, has ceased to be operative", without further identifying the prior conviction or sentence. Appellant argues that the defect renders the cumulation order void.

A cumulation order should contain the prior conviction's number, the court where it was had, its date, and the term of years assessed. *Young v. State,* 579 S.W.2d 10 (Tex.Cr.App.1979); *Ward v. State,* 523 S.W.2d 681 (Tex.Cr.App.1975). Cumulation orders lacking the required information have on occasion been voided. See *Diaz v. State,* 608 S.W.2d 686 (Tex.Cr.App.1980); *Young v. State,* supra. A recognized exception to the need for the information exists when the prior conviction is from the same court as the subsequent case. *Hamm v. State,* 513 S.W.2d 85 (Tex.Cr.App.1974); *Ex Parte March,* 423 S.W.2d 916 (Tex.Cr.App. 1968); *Ex Parte Lewis,* 414 S.W.2d 682 (Tex.Cr.App.1967). Although the official record here does not establish that cause Number 266660 was in the same court as this case, the State's motion which resulted in the cumulation order so states, and also gives the other required information except for the length of the sentence. In this situation we believe the cumulation order should not be voided, but the case should be remanded to the trial court for reformation of the order and sentence to reflect the required information.

Appellant's claim that he was denied effective assistance of counsel is based only upon counsel's failure to object to State's evidence which linked appellant to an aggravated robbery of one Dinsmore the day before the instant offense, and in compounding the matter by cross-examining the State's witnesses concerning details of the robbery.

Effectiveness of counsel is to be judged by the totality of the representation afforded the accused, not by isolated acts or omissions or by errors revealed only by hindsight. *Ex Parte Duffy,* 607 S.W.2d 507 (Tex.Cr.App.1980); *Hurley v. State,* 606 S.W.2d 887 (Tex.Cr.App.1980). Here the State had the right to show that at the time of the offense the victim, a police officer, was acting in his official duty and had reasonable ground to be looking for the appellant. While defense counsel perhaps should have tried to limit that evidence to the bare requirements of the State's proof, rather than allowing it to go into details of the offense and assertions that appellant was the guilty party, the record as a whole does not support a conclusion that the strategy was so harmful that appellant was denied effective assistance of counsel. The record contains other evidences of competent representation. These facts, together with the overwhelming evidence of appellant's guilt, render it improbable that the result of the trial would have been different if the matter in question had not occurred.

**8**

Finally, it is asserted that the court should have quashed the indictment or instructed a verdict of acquittal because the indictment alleged only that appellant shot "in the direction of" the officer, and failed to allege the required culpable mental state, i.e., that appellant intended to cause the death of the officer. We cannot accept that proposition. The indictment alleged the requisite intent by stating that appellant did "... with intent to commit capital murder, attempt to cause the death of J.S. Kitto, ... by intentionally shooting a gun in the direction of the Complainant, ...". See *Klechka v. State,* 475 S.W.2d 257 (Tex. Cr.App.1972).

For the reasons stated this cause is remanded to the trial court for reformation of the sentence as herein provided. In all other respects the judgment is affirmed.

### ON MOTION FOR REHEARING

On careful consideration of appellant's motion for rehearing, we have concluded that the effect of our ruling allowing reformation of the sentence cumulation order might be not simply to correct the order to reflect the actual proof, but possibly to allow the State to furnish proof which it did not produce at the trial. That would violate the double jeopardy prohibition of the United States Constitution. See *Cooper v. State,* 631 S.W.2d 508 (Tex.Cr.App.1982). The record does not contain a copy of the prior conviction, nor does it recite that the court took judicial notice of it as a part of its own records. In this situation we deem it proper to void the cumulation order.

The judgment of the trial court is reformed to delete that portion ordering the sentence to be cumulative to any other sentence. As reformed, the judgment of the trial court is affirmed.