**Guadalupe Lara GONZALEZ, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 13–82–285–CR.

Court of Appeals of Texas, Corpus Christi.

Jan. 19, 1984.

Joseph Connors, III, McAllen, for appellant.

Theodore C. Hake, Asst. Dist. Atty., Edinburg, for appellee.

Before NYE, C.J., and UTTER and YOUNG, JJ.

## OPINION

UTTER, Justice.

This is an appeal from a revocation of probation. The issues presented in this case are: (1) whether the indictment upon which appellant was initially convicted for second degree felony burglary of a building was fundamentally defective; (2) whether the cumulative order issued was void; and, (3) whether there is sufficient evidence to support the revocation of probation. We affirm.

The appellant was initially adjudged guilty of the offense of second degree felony burglary of a building on September 18, 1980 in the 93rd District Court of Hidalgo County, Texas, the Honorable Joe A. Cisneros, Presiding Judge, and was assessed punishment at three years in the Texas Department of Corrections and a $750.00 fine. Appellant's sentence was probated for five years. Subsequently, application to revoke appellant's five-year probation was filed in the trial court. After a hearing on February 4, 1981, the trial court revoked the five-year probation after it found to be "true" that appellant made unauthorized use of a motor vehicle in violation of the terms and conditions of his probation; appellant was sentenced to three years in the Texas Department of Corrections. Thereafter, the trial court, on June 10, 1981, suspended appellant's three-year sentence and placed appellant on probation for three years.

On June 15, 1982, a new application to revoke appellant's three-year probation was filed in the trial court. This application alleged the following violations of the terms and conditions of appellant's three-year probation: (a) possession of a useable quantity

of marihuana of less than two ounces on October 26, 1981, (b) resisting arrest by Edinburg Police Officer Jose Luis Soto on November 26, 1981, and (c) public intoxications on December 2, 1981 and on January 1, 1982, all of which were alleged to be violations of condition "a" of appellant's probation which required that appellant commit no offense against the laws of the State or any other State or of the United States. On July 23, 1981, a hearing on the application to revoke probation was held before the Honorable Mario E. Ramirez, Jr., Presiding Judge. Judge Ramirez found that all of the allegations of violations were "true." Appellant was then granted his request for a 10-day delay before imposition of sentence.

On August 2, 1982, the Honorable Raul L. Longoria, Presiding Judge, ordered that appellant's three-year probation be revoked and assessed punishment at three years in the Texas Department of Corrections. On January 14, 1983, the trial court, the Honorable John F. Dominguez, Presiding Judge, entered a Nunc Pro Tunc Order Revoking Probation, which stated:

> IT IS THE FUTHER (sic) ORDER of the court that the sentence given the Defendant in this above entitled Cause run consecutively with the Five (5) year Sentence given Defendant in Cause Number CR–392–82–B, styled THE STATE OF TEXAS VS. GUADALUPE GONZALEZ. Defendant, GUADALUPE LARA GONZALEZ gave Notice of Appeal on July 23, 1982 and on August 2, 1982., and on Jan. 14, 1983. The defendant is hereby given credit for 226 days he has already spent in jail as of August 2, 1982.

It is from this latest revocation of probation and imposition of sentence that this appeal is taken.

■ In his first ground of error, appellant asserts that the indictment upon which he was initially convicted for burglary of a building was fundamentally defective since it failed to commence with the words, "In the name of and by authority of the State of Texas." Appellant's argument stems from the fact that, above the re-quired statutory preface on the indictment and separated therefrom by a double printed line, there appeared a caption and other identifying information which was then followed by the proper preface of "In the name of and by the authority of the State of Texas." It is firmly established that captions and other identifying information such as these are not part of the indictment. *Stansbury v. State*, 128 Tex.Cr.R. 570, 82 S.W.2d 962 (1935); *Thibodeaux v. State*, 628 S.W.2d 485 (Tex.App.—Fort Worth, 1982, no pet.). The formal portion of the indictment followed the prescribed statutory language. No fundamental error is presented. Appellant's first ground of error is overruled.

Grounds of error numbers two through eight allege error in the manner in which the trial court ordered that appellant's reinstated three-year sentence and his five-year sentence in another cause, Cause Number CR–392–82–B, were to be cumulated. Appellant argues here on appeal that all of the requisites for a proper cumulative order were not met. Appellant further argues that, because part of the appellant's original five-year sentence for the conviction of burglary of a building had already begun and had been served, the trial court was prohibited by law from making the reinstated three-year sentence run consecutive to appellant's five-year sentence in the other cause, Cause No. CR–392–82–B.

■ The other cause, Cause Number CR–392–82–B, in which appellant was previously convicted by a jury in the same trial court of aggravated assault with a deadly weapon and was assessed a five-year sentence, has already been before this court. *Gonzalez v. State*, 659 S.W.2d 470 (Tex.App.—Corpus Christi 1983, no pet.). On appeal in this other cause, appellant also argued that the requisites for a proper cumulative order were not met. In our opinion in that other cause, we reaffirmed the general requisites for a proper cumulating order, as set out in *Ward v. State*, 523 S.W.2d 681 (Tex. Cr.App.1975), which follow:

> It has been recommended that the (cumulative) orders contain: (1) the trial

court number of the prior conviction; (2) the correct name of the court where the prior conviction was taken; (3) the date of the prior conviction; (4) the term of years of the prior conviction; and (5) the nature of the prior conviction.

We noted that *Diaz v. State,* 608 S.W.2d 686 (Tex.Cr.App.1980) also reaffirmed the general requisites of *Ward* but stated that there were recognized exceptions to the rule that all of the above requisites must be met, citing *Ex Parte Jordan,* 562 S.W.2d 483 (Tex.Cr.App.1978). One of the exceptions listed in *Jordan* is where the order refers only to the previous conviction's cause number but where the court entering the order is also the court which heard the prior cause. The record before us reflects that the above exception in *Jordan* is applicable in the instant case.

The trial record is illuminating as to the intent of the trial court which "stacked" the five-year sentence in the aggravated assault with a deadly weapon cause consecutive to or on top of the three-year sentence in the instant case. This fact is clearly evidenced by the comments made in formal sentencing by counsel for both parties as well as by the trial court. Therefore, the trial court did not improperly cumulate the three-year sentence in the instant case to run consecutive to appellant's five-year sentence in the aggravated assault with a deadly weapon cause. Grounds of error numbers two through eight are overruled.

■ Appellant's ninth and tenth grounds of error assert that the trial court abused its discretion by revoking appellant's probation since the evidence is insufficient to prove that appellant possessed a useable quantity of marihuana on or about October 26, 1981, as alleged in State's application to revoke probation. When the commission of an offense is alleged as the basis for probation revocation, the State must prove every element of the offense. *Coleman v. State,* 608 S.W.2d 923 (Tex.Cr.App.1980). However, the State in a probation revocation proceeding need only prove its allegations by a preponderance of the evidence. *Shaw v. State,* 622 S.W.2d 862 (Tex.Cr.App.1981);

*Martinez v. State,* 635 S.W.2d 762 (Tex.App. —Corpus Christi 1982, no pet.).

■ Edinburg Police Officer Reyes Ramirez, who had two and a half years experience with the Edinburg Police Department, testified that, on October 26, 1981, he arrested appellant for misdemeanor possession of less than two ounces of marihuana. Officer Ramirez testified that he thought that the substance which he found on appellant's person was marihuana for which appellant was charged with misdemeanor possession of less than two ounces of marihuana. The record reflects that appellant previously pled guilty to the charge of possession of less than two ounces of marihuana on October 26, 1981. Chemical, scientific evidence of the nature and quantity of a substance is not required to support an order revoking probation, but a police officer's testimony may be sufficient. *See Jordan v. State,* 486 S.W.2d 784 (Tex.Cr.App. 1972); *Miller v. State,* 168 Tex.Cr.R. 570, 330 S.W.2d 466 (1959). We note that appellant did not object to the officer's statement of his belief that the substance was a useable quantity of marihuana nor did the appellant in any way challenge the officer's expertise. We hold that the record reflects sufficient evidence of appellant's possession of a useable quantity of marihuana on October 26, 1981. Appellant's grounds of error numbers nine and ten are overruled.

■ Appellant's grounds of error numbers eleven through eighteen assert that the trial court abused its discretion by revoking appellant's probation since the evidence was insufficient to prove that appellant committed the alleged offenses of public intoxication on or about December 21, 1981, and January 1, 1982, as alleged in State's application to revoke probation. Regarding each alleged instance, appellant contends that the evidence was insufficient to prove that appellant was in a public place at the time that he was arrested for public intoxication or to prove that appellant was a danger either to himself or others. Appellant also contends that the evidence was insufficient to prove that each of the arresting officers was qualified by

training and experience to render his opinion that appellant was under the influence of alcohol to such a degree that he was a danger to himself and others.

Regarding the December 21, 1981, arrest, Officer Eliezar Serna testified that he had three and one-half years' experience with the Edinburg Police Department; that he had arrested people who, in his opinion, were intoxicated on many occasions; that he was of the opinion that appellant was intoxicated, based on the symptoms of alcoholic breath, slurred speech and unstable balance; and that appellant was a danger to himself and others. Regarding the January 1, 1982, arrest, Officer Alejandro Garza indicated that he had nineteen months' experience with the Edinburg Police Department; that he had arrested people who were intoxicated on many occasions; that he was of the opinion that appellant was intoxicated, based on the symptoms of strong odor of alcohol, slurred speech, and unstable balance; and that appellant was a danger to himself and others. Neither officer was cross-examined on any subject, including their qualifications and expertise in detecting intoxication.

Officer Serna testified that on or about December 21, 1981, he arrested appellant for public intoxication in a parking lot of a convenience store in the 100 Block of South Second Street, Edinburg, Texas. Officer Garza testified that on or about January 1, 1982, he arrested appellant for public intoxication in a public place, a convenience store, in the 500 Block of West Schunior Street in Edinburg. We hold that both locations are public places within the meaning of TEX.PENAL CODE ANN. 1.07(a)(29) (Vernon 1974).

The evidence is sufficient to prove appellant committed both offenses of public intoxication in a public place on or about December 21, 1981, and January 1, 1982. *See Holder v. State,* 571 S.W.2d 885 (Tex. Cr.App.1978); *Loden v. State,* 561 S.W.2d 2 (Tex.Cr.App.1978). Appellant's grounds of error numbers eleven through eighteen are overruled.

In his grounds of error numbers nineteen through twenty-four, appellant asserts that the trial court abused its discretion by revoking appellant's probation since the evidence was insufficient to prove that appellant had resisted arrest on or about November 26, 1981, as alleged in State's application to revoke probation. The State had attempted to prove the offense of resisting arrest on or about November 26, 1981, primarily by proving that appellant had been convicted of the alleged offense.

Edinburg Police Officer Jose Luis Soto testified that, on November 26, 1981, he arrested appellant for public intoxication, disorderly conduct, and resisting arrest. Assistant District Attorney Dahlila Flores testified that, on December 11, 1981, she represented the State on a plea of guilty by appellant in Cause Number CR–30,602–C in County Court at Law No. 3 of Hidalgo County, Texas; that appellant's sentence was ninety days in the Hidalgo County Jail; that, in that case, the charge was resisting arrest and the victim was Officer Soto; and that State's Exhibit No. 13 was a copy of the information in that case. The information identified Officer Soto as the officer resisted and the date of the offense as November 26, 1981, which is the same date Officer Soto gave as the date of the offense.

Appellant argues that the alleged resisting arrest offense for which his probation was revoked was not sufficiently identified as the same offense for which the appellant was apparently convicted in Cause No. CR–30,602–C. By her identification of the information upon which the conviction in Cause No. CR–30,602–C was founded and which corresponds to Officer Soto's testimony as to the date of offense and the resisted officer, Assistant District Attorney Flores provided the necessary link to sufficiently identify the offenses as being one and the same.

Appellant further argues that the evidence was insufficient due to the lack of proof of a final conviction in Cause No. CR–30,602–C. However, the record does, in fact, show a final conviction. There is an

absence of any notations indicating the giving of oral notice of appeal or the filing of a written notice of appeal from the conviction in Cause No. CR–30,602–C. The date of sentencing in that cause was December 11, 1981; the date of the revocation hearing in the instant case was July 23, 1982. Since the provisions of the TEX.CODE CRIM. ANN. art. 44.08(b) (Vernon Supp.1982–83) mandate the giving of notice of appeal within fifteen days after sentencing, the inescapable conclusion is that the conviction in Cause No. CR–30,602–C had become final by the time of the revocation hearing which took place over seven months after sentencing in the misdemeanor case. Appellant's grounds of error numbers nineteen through twenty-four are overruled.

Judgment of the trial court is hereby AFFIRMED.