Guadalupe **GONZALEZ**, Appellant,

v.

**STATE of Texas**, Appellee.

No. 13–82–271–CR.

Court of Appeals of Texas,
Corpus Christi.

Sept. 15, 1983.

Rehearing Denied Oct. 13, 1983.

Joseph Connors, III, McAllen, for appellant.

Ted Hake, Asst. Criminal Dist. Atty., Edinburg, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

OPINION

KENNEDY, Justice.

Appellant was convicted by a jury of aggravated assault with a deadly weapon. His punishment was assessed at confinement for five years to run consecutively to a three year sentence for revocation of probation arising out of a previous conviction.

The state's evidence revealed that, in the early hours of a Sunday morning, one Blanca Chapa saw a human form outside of one of the windows of her home. She cried out and then was struck on the head by an object, later found to be a brick. Mrs. Chapa's daughter and a neighbor identified appellant as the person they saw running from the scene immediately following the assault.

Appellant brings forth sixteen grounds of error which are addressed in the order presented.

■ The first such ground alleges a fundamentally defective indictment in that it fails to allege that the use of a deadly weapon was with one or more of the culpable mental states. Appellant's argument in support of this ground of error has been rejected by the San Antonio Court in *Pass v. State*, 634 S.W.2d 857 (Ct.App.—San Antonio 1982, pet. ref'd). We overrule this ground of error. This ruling is also dispositive of ground of error number four which is likewise overruled.

■ Ground of error number two alleges fundamental error in the court's charge because it permitted a conviction for conduct which was not an offense, to-wit, appellant's intentional and knowing assault on complainant. It is argued that this portion of the charge failed to track the wording of the indictment, to wit, "intentionally and knowingly cause bodily injury."

In pertinent part, the charge reads:

"intentionally and knowingly committed an assault . . . by use of a deadly weapon . . . by hitting her with a brick . . . and thereby inflict bodily injury . . . as alleged in the indictment."

Appellant made no objection to the charge.

We hold that the portion of the charge complained of sufficiently tracks the language of the indictment. This ground of error is overruled.

Ground of error number three alleges fundamental error in that the charge authorizes convictions on a theory not pled. It is claimed that the charge departs from the words in the indictment, ". . . did intentionally and knowingly cause bodily injury to Blanca Chapa by striking her on the head with said deadly weapon."

The only portions of the above phrase from the indictment not contained in the charge are the references to Blanca Chapa's head and the allegation that the brick was capable of causing death and serious bodily injury. We will address this second claimed inconsistency under ground of error number five.

First, we observe that the trial judge ran a certain risk which should be avoided in the future when he chose to deviate from the allegations in the indictment when drafting the application of the law to the facts portion of the charge. In this connection, see *Williams v. State*, 612 S.W.2d 934 (Tex.Cr.App.1981). Nevertheless, we hold that fundamental error is not present. It is not necessary to charge upon the portion of the body struck.

■ If that portion of the court's charge which applies the law to the facts authorizes conviction on a theory not alleged in the indictment, the charge contains fundamental error. *Cumbie v. State*, 578 S.W.2d 732 (Tex.Cr.App.1979). However, a charge that requires the jury to find each *essential* element of the offense charged and comports with the legal theory presented by the state through evidence that proves every factual allegation made in the charging instrument is not fundamentally defective, if the accused has been apprised of everything that due process and due course of law mandates. *Sattiewhite v. State* (on rehearing), 600 S.W.2d 277 (Tex.

Cr.App.1980). Which part of the body was struck is not an essential element of aggravated assault. In the case before us, we hold that the court's charge meets the test laid out in *Sattiewhite.* This ground of error is overruled.

Appellant's fifth ground of error alleges fundamental error in the portion of the charge which applied the law to the facts for the reason that it omitted the words, "... a brick, that in the manner of its use was capable of causing death and serious bodily injury." This ground of error is controlled by *Hawkins v. State,* 605 S.W.2d 586 (Tex.Cr.App.1980). There, as here, the trial court gave the jury a proper definition of the term "deadly weapon" and then authorized conviction if the jury found that appellant had used a deadly weapon. The only difference is that in *Hawkins,* supra, the words used were "... use a deadly weapon, namely, a knife ...", while here the words used were "... by use of a deadly weapon, if any, to-wit, by hitting her with a brick." In *Hawkins,* this was held not to be fundamental error. In view of this holding, we overrule appellant's fifth ground of error.

Appellant's grounds of error numbers six through nine complain of the insufficiency of the evidence to prove a bodily injury, an intent to cause bodily injury, that appellant threw the brick and that he knowingly caused bodily injury.

The complaining witness's own testimony complains of "real bad" pain to her head, a lot of blood, eleven stitches, and lingering headaches which caused a return to the hospital for a nine day stay. In addition, the attending physician testified to a very swollen right side of the face and one eye swollen shut. Convictions have been upheld on less proof than this concerning bodily injury. See *Allen v. State,* 533 S.W.2d 352 (Tex.Cr.App.1976); *Bolton v. State,* 619 S.W.2d 166 (Tex.Cr.App.1981). This ground of error is overruled.

Likewise, we hold the totality of the evidence to be sufficient to prove the matters made the basis of grounds of error seven, eight and nine. They are overruled.

Grounds of error ten and eleven allege that the court's charge permitted the jury to convict on a theory not supported by the indictment and the evidence, namely that appellant intentionally and knowingly assaulted the complainant by hitting her with a brick.

The indictment and charge read, respectively, each in pertinent part:

"did then and there use a deadly weapon, to-wit" a brick, that in the manner of its use was capable of causing death and serious bodily injury, and did then and there intentionally and knowingly cause bodily injury to BLANCA CHAPA by striking the said BLANCA CHAPA on the head with said deadly weapon;"

"did intentionally and knowingly commit an assault, if any, on BLANCA CHAPA, by use of a deadly weapon, if any, to-wit, by hitting her with a brick, if he did, and thereby inflict bodily injury upon her, if any, as alleged in the indictment, you will find the defendant guilty ... "

The evidence, in its totality, adequately supports the charging portion of the court's charge quoted above. The words used to charge the jury, quoted above, were a proper translation of the wording of the indictment. Grounds of error numbers ten and eleven are overruled.

Ground of error number twelve claims that the evidence is insufficient to prove that the brick used was a deadly weapon. This ground, and appellant's argument in support thereof, are patently without merit. The treating physician examined the brick and testified that it was capable of producing death or serious bodily injury. In addition, evidence of the extent of the injury caused, discussed previously, is in the record.

Appellant's reliance upon *Alvarez v. State,* 566 S.W.2d 612 (Tex.Cr.App.1978) is misplaced. In *Alvarez,* the attack with the linoleum knife was unsuccessful, thus, no wounds were produced to serve as evidence

of the knife's capability. Ground of error number twelve is overruled.

■ Ground of error number thirteen states that the indictment is fundamentally defective since it fails to commence "In the name and by authority of the State of Texas."

In the early Summer of the year 1888, what was then the Court of Appeals rejected this ground of error in *Owens v. State*, 25 Tex.App. 552, 8 S.W. 658.[1] Nearly 100 years later, in the early Fall of the year 1983, we again reject this ground of error and, in so doing, decline appellant's invitation that we overrule this Court's own holding in *Garza v. State*, 653 S.W.2d 850 (Tex. App.—Corpus Christi 1982).

Grounds of error numbers fourteen and fifteen allege error in the manner in which the trial judge ordered that the sentence in this cause and the sentence in appellant's revocation hearing be cumulated. It is argued that all of the requisites for such an order were not met.

■ The requisites for a proper cumulating order were set out in *Ward v. State*, 523 S.W.2d 681 (Tex.Cr.App.1975) as follows:

"It has been recommended that the orders contain:

1) the trial court number of the prior conviction;

2) the correct name of the court where the prior conviction was taken;

3) the date of the prior conviction;

4) the term of years of the prior conviction; and

5) the nature of the prior conviction."

The later case of *Diaz v. State*, 608 S.W. 2d 686 (Tex.Cr.App.1980) reaffirmed the aforementioned requisites but noted that there were recognized exceptions to the rule that all of these requisites must be met, citing *Ex Parte Jordan*, 562 S.W.2d 483 (Tex.Cr.App.1978). One of the exceptions listed in *Jordan* is where the order refers only to the previous conviction's

cause number but where the court entering the order is also the court which heard the prior cause. The record before us reflects that such was the case here. Therefore, grounds of error numbers fourteen and fifteen are overruled.

Appellant's final ground of error complains of the trial court's refusal to hear his motion for new trial based upon lack of jurisdiction. Appellant gave notice of appeal on August 2, 1982. He filed his motion for new trial on September 1, 1982 and attempted to have it heard on September 20, 1982. The appellate record was filed in the 13th Court of Appeals on January 31, 1983.

Prior to its revision in 1965, (as Vernon's Ann.Code Crim.Proc. art. 44.11) V.A.C.C.P. art. 828 read as follows:

"The effect of an appeal is to suspend and arrest all further proceedings in the case in the court in which the conviction was had, until the judgment of the appellate court is received by the court from which the appeal was taken. In cases where, *after notice of appeal has been given,* the record or any portion thereof, is lost or destroyed, it may be substituted in the lower court, if said court be then in session; ..." (emphasis added)

Construing this provision of the code, the Court of Criminal Appeals, in *Stickney v. State*, 336 S.W.2d 133 (Tex.Cr.App.1960) cited by both sides, held that the trial court was without jurisdiction to do anything except to substitute lost or destroyed records after the appellant gave notice of appeal.

Following its 1965 revision, the rule (Vernon's Ann.Code Crim.Proc. art. 44.11) now reads:

"*Upon the appellate record being filed in the court of appeals or the Court of Criminal Appeals,* all further proceedings in the trial court, except as to bond as provided in Article 44.04, shall be suspended and arrested until the mandate of the appellate court is received by the trial

---

1. In *Owens,* the indictment form had printed above the words "In the name, etc...." the words "The indictment, Empire Print. Encour- age home industry, and your money will circulate among the people."

court. In cases where the record or any portion thereof is lost or destroyed it may be substituted in the trial court and when so substituted the record may be prepared and transmitted to the court of appeals or the Court of Criminal Appeals as in other cases." (emphasis added)

Since the appellate record was not filed in the appeals court until after the motion for new trial was sought to be heard, the trial judge had jurisdiction to hear it. However, the record before us reflects that the motion for new trial was not verified which justified the trial judge's decision not to hear it. *Browning v. State,* 432 S.W.2d 85 (Tex.Cr.App.1968); *Hunt v. State,* 317 S.W.2d 743 (Tex.Cr.App.1958); 41 Tex.Jur. (2nd) § 141. No error is shown and appellant's final ground of error is overruled.

Upon submission of this cause, appellant was granted leave to file a reply brief and he did so. However, we note that the reply brief contains additional grounds of error to those contained in the original brief. It has always been a rule of this court that we will not consider grounds of error filed after submission, without express written permission of the Court. These additional grounds will not be considered.

The judgment of the trial court is AFFIRMED.