Affirmed and Memorandum Opinion filed April 6, 2004









Affirmed and Memorandum Opinion filed April 6, 2004.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00476-CR

____________

 

JACKIE DENISE
COSSIN,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 23rd
District Court

Brazoria County, Texas

Trial Court Cause No. 39,863

 



 

M E M O R A N D U M   O P I N I O N

The jury found appellant guilty of driving
while intoxicated and the trial court assessed punishment at five years= confinement,
probated for five years.  In a single
issue, appellant contends the evidence was legally insufficient to establish
that she was operating a motor vehicle in a public place.  We affirm.

 

 








FACTUAL BACKGROUND

On August 6, 2000, appellant was involved
in a minor automobile accident in the parking lot of a convenience store.  A responding police officer determined that
appellant was intoxicated and placed her under arrest.

ANALYSIS

In her sole issue, appellant contends the
evidence was legally insufficient to establish that the convenience store
parking lot was a public place for the purpose of the statute prohibiting
driving while intoxicated.  

When reviewing the legal sufficiency of
the evidence, we view the evidence in the light most favorable to the
prosecution and determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319
(1979); Garrett v. State, 851 S.W.2d 853, 857 (Tex. Crim. App.
1993).  We do not re-evaluate the weight
and credibility of the evidence, but consider only whether the jury reached a
rational decision.  Muniz v. State,
851 S.W.2d 238, 246 (Tex. Crim. App. 1993).

          The statute prohibiting driving while
intoxicated provides that A[a] person commits
an offense if the person is intoxicated while operating a motor vehicle in a
public place.@  Tex. Penal Code ' 49.04(a).  A Apublic place@ is defined as Aany place to which
the public or a substantial group of the public has access and includes, but is
not limited to, streets [and] highways.@  Id. ' 1.07(a)(40).  In determining whether a place is public, the
relevant inquiry is whether the public has access to it.  Shaub v. State, 99 S.W.3d 253, 256
(Tex. App.CFort Worth 2003, no pet.); Loera v.
State, 14 S.W.3d 464, 467 (Tex. App.CDallas 2000, no
pet.).








Based on the evidence presented, the jury
could have rationally concluded that the public had access to the convenience
store parking lot.   The police officer
testified that the parking lot was accessible to the public.[1]  A witness testified that he accessed the
parking lot from a public road.  The
store itself, the EZ Food Store, which everyone agrees is a Aconvenience store,@ clearly was open
and easily accessible to the publicCotherwise it would
not be very convenient.  In fact, we do
not think it was too farfetched to say that, by their very nature, convenience
stores and their parking lots qualify as places to which the public has
access.  See Merriam-Webster=s Collegiate
Dictionary 252 (10th ed. 2002) (defining Aconvenience store@ as Aa small often
franchised market that is open long hours@).  Twenty years ago one court in this State held
that a convenience store parking lot was a public place.  Gonzalez v. State, 664 S.W.2d 797, 801
(Tex. App.CCorpus Christi 1984), vacated on other
grounds, No. 263-84 (Tex. Crim. App. July 18, 1984) (convenience store
parking lot).  We agree with that
conclusion.  In addition, other courts
have consistently held that parking lots are public places.  See State v. Nailor, 949 S.W.2d
357, 359 (Tex. App.CSan Antonio 1997, no pet.) (hotel parking
lot); Kapuscinski v. State, 878 S.W.2d 248, 250 (Tex. App.CSan Antonio 1994,
pet. ref=d) (nightclub
parking lot); Thibaut v. State, 782 S.W.2d 307, 308 (Tex. App.CEastland 1989, no
pet.) (condominium parking lot).

Although appellant points out that she was
parked in a Ano parking zone,@ a prohibition
against parking does not render an area inaccessible to the public.  See Perry v. State, 991 S.W.2d
50, 52 (Tex. App.CFort Worth 1998, pet. ref=d) (AThe fact that a
park=s hours of
operation are over and the public is not >supposed= to use the park
is irrelevant to the determination of whether the place is one to which the
public has access.  The relevant inquiry
is whether the public can enter the premises.@).  Nor does the size of the parking lot indicate
the public did not have access to it; it at most indicates that access was
limited to only a few members of the public at a given time.  








Because the jury could have rationally
concluded that the convenience store parking lot was a public place, we
overrule appellant=s point of error and affirm the judgment
of the trial court.

 

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed April 6, 2004.

Panel
consists of Justices Fowler, Edelman, and Seymore.

Do
Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]  The officer
testified as follows:

Q:         Now, the parking lot to the little
convenience store, is it accessible to the public?

A:         Yes, sir.