John **ODLOZELIK**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 12–92–00062–CR.

Court of Appeals of Texas,
Tyler.

Aug. 31, 1992.

---

Hunter Brush, Tyler, for appellant.

Amy Blalock, Asst. Dist. Atty., Tyler, for appellee.

PER CURIAM.

Appellant was convicted on his plea of guilty to the offense of forgery by passing. The trial court assessed punishment at ten years in prison and ordered "that the sentence ordered herein shall not run concurrent by [sic] shall run consecutive with any other sentence now being served." On appeal the sole complaint is that the cumulation order is void. We agree.

A cumulation order should contain five elements describing the prior convictions, (1) the trial court number, (2) the trial court name, (3) the date of conviction, (4) the term of years, and (5) the offense of conviction. *Banks v. State*, 708 S.W.2d 460, 461 (Tex.Cr.App.1986); *Bell v. State*, 774 S.W.2d 371, 376 (Tex.App.—Austin 1989, pet. ref'd), *cert. denied*, 497 U.S. 1008, 110 S.Ct. 3248, 111 L.Ed.2d 758 (1990). The inclusion of all of the elements is not mandatory however, so long as there is enough information included in the judgment from which corrections officials may know precisely when the defendant's sentence is to begin. *Bell*, 774 S.W.2d at 376.

The cumulation order in this case is clearly insufficient. It does not in any way identify the prior convictions upon which the sentence in this case is to be stacked. The point of error is sustained.

The State urges that if this Court finds the cumulation order to be insufficient, we reform the judgment. If the record contains the necessary data and evidence, we are authorized to reform the judgment and sentence. *Banks*, 708 S.W.2d at 462. However, in this case the record on appeal contains no information identifying any prior convictions upon which this sentence was to have been stacked. Although at the plea hearing the trial judge referred to a presentence investigation showing "some 30–odd prior prob-lems," none are identified in the record, and the State has not directed us to any portion of the record where prior convictions are adequately identified to permit reformation. Therefore, we cannot reform the judgment to correct the problem.

Accordingly, the judgment of the trial court is reformed to delete the cumulation order. The judgment of the trial court, as reformed, is affirmed.