IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00074-CR

 

Christopher Yaites,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the Criminal District Court
No. 3

Tarrant County, Texas

Trial Court No. 0912020D

 



MEMORANDUM  Opinion



 








          Christopher Yaites pleaded guilty to the
offense of aggravated robbery without the benefit of a plea agreement.  The
court assessed Yaites’s punishment at forty-five years’ imprisonment.  Yaites’s
counsel filed an Anders brief contending that this appeal presents no
issues of arguable merit.  Yaites has not filed a pro se brief or other
response, though he was notified of his right to do so.  Because our
independent review of the record reveals no issues of arguable merit, we will
affirm the judgment.

          The documents Yaites signed in
connection with his guilty plea provided him the admonishments required by
law.  See Tex. Code Crim. Proc.
Ann. art. 1.14 (Vernon 2005), art. 26.13 (Vernon Supp. 2005).  The court
reviewed these admonishments on the record with Yaites, though not in the same
level of detail.  Yaites waived his right to a jury trial in writing.  Id. art. 1.15 (Vernon 2005).  Yaites signed a judicial confession and admitted in
his testimony that he committed the offense alleged.  See Dinnery v. State,
592 S.W.2d 343, 353 (Tex. Crim. App. [Panel Op.] 1979); Ramirez v. State,
139 S.W.3d 731, 732-33 (Tex. App.—Fort Worth 2004, pet. ref’d).

          Yaites’s trial counsel presented
appropriate evidence and argument for the court to consider in mitigation of
punishment.  Yaites’s appellate counsel notes that Yaites failed to preserve
any complaint that his sentence constitutes cruel and unusual punishment in
violation of the Eighth Amendment.  See Steadman v. State, 160 S.W.3d 582,
586 (Tex. App.—Waco 2005, pet. ref’d).

Our independent review of the record has
revealed no issues of arguable merit.  Accordingly, we affirm the judgment.  Counsel
must advise Yaites of our decision and of his right to file a petition for
discretionary review.  See Sowels v. State, 45 S.W.3d 690, 694 (Tex. App.—Waco 2001, no pet.).

 

FELIPE REYNA

Justice

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion
delivered and filed November 9, 2005

Do
not publish

[CRPM]






pan>                                                                     Appellee

 

 

 



From the 272nd District Court

Brazos County, Texas

Trial Court # 27839-272

 



MEMORANDUM 
Opinion



 

Raymond Olivas was indicted for the felony
offense of possession of a prohibited weapon. 
He pled guilty to that offense and was placed on community supervision
for six years.  The State later filed a
motion to revoke community supervision. 
After a hearing on the motion, the trial court found that Olivas had
violated conditions of his probation and sentenced him to four years’
confinement.  The court ordered that the
sentence run consecutively to other sentences Olivas was currently
serving.  Olivas brings this appeal,
arguing: (1) the judgment ordering the cumulation of sentences was void for
lack of specificity; and (2) the trial court violated his Eighth Amendment
rights by stacking his sentences upon sentences assessed in a previous case.

          The
State agrees with Olivas that the judgment ordering cumulation of the sentences
is insufficient.  A cumulation order
should be sufficiently specific to allow prison officials and the defendant to
identify the prior convictions with which the new conviction is cumulated.  Williams
v. State, 675 S.W.2d 754, 763 (Tex. Crim. App. 1984).  The Court of Criminal Appeals has set forth
five recommended elements of a cumulation order: (1) the trial court number of
the prior conviction; (2) the correct name of the court where the prior
conviction was taken; (3) the date of the prior conviction; (4) the term of
years of the prior conviction; and (5) the nature of the prior conviction.  Ward v.
State, 523 S.W.2d 681, 682 (Tex. Crim. App. 1975).

The trial court ordered that Olivas’s sentence
be “stacked on top of any other sentence that [he was] required to serve.”  The judgment revoking community supervision
states: “This sentence shall run consecutive to the case specified below.”  However, the judgment does not identify a
case.  The commitment order signed by the
court states: “To be stacked with Cause Nos. 29,258-272, 29,311-272, 29,255-272,
29,308-272, & 29,252-272.”

The State urges that we reform the written
judgment to include the requisite information for cumulating the
sentences.  An appellate court may reform
a judgment to correct a clerical error in the trial court’s judgment regarding
a cumulation order.  Banks v. State, 708 S.W.2d 460, 462 (Tex. Crim. App. 1986).  Although the requisite information concerning
the prior convictions does not appear in the record of this case, the State
asks us to take notice that the causes listed in the commitment order have come
before this Court on appeal.  We take
notice that we have reversed the conviction and rendered an acquittal in one of
the causes and reversed and remanded in three other causes.  Olivas
v. State, No. 10-02-00308, No. 10-02-00309, No. 10-02-00310, 2004 Tex. App.
LEXIS 10116 (Tex. App.—Waco November 10, 2004, no pet.); Olivas v. State, No. 10-02-00311, 2004 Tex. App. LEXIS 10131 (Tex.
App.—Waco November 10, 2004, no pet.) (not designated for publication).  Thus we are not in a position to reform the
judgment to sufficiently identify the sentences to be cumulated.  Accordingly, we resolve the issue by
reforming the judgment to delete the cumulation order.  Ex
Parte Jordan, 562 S.W.2d 483, 484 (Tex. Crim. App. 1978); Odlozelik v. State, 837 S.W.2d 825, 826
(Tex. App.—Tyler 1992, no pet.).

          Olivas’s
second issue concerning his Eighth Amendment protection from cruel and unusual
punishment is premised upon the order “stacking” his sentence.  Because we reform the judgment to delete that
order, we need not address this issue.

CONCLUSION

The judgment of the trial court is reformed to
delete the cumulation order.  We affirm
the judgment as reformed.

 

          BILL VANCE

          Justice

 

Before Chief
Justice Gray,

Justice Vance,
and

Justice Reyna

(Chief Justice
Gray dissents without an opinion)

Reformed and
affirmed

Opinion
delivered and filed January 26,
 2005

Do not publish 

[CR25]