**Ex Parte Jesus Flores SALINAS,
Applicant.**

**No. AP–75323.**

Court of Criminal Appeals of Texas.

Jan. 25, 2006.

Jesus Flores Salinas, pro se.

Armando Villalobos, D.A., Brownsville, Matthew Paul, State's Attorney, Austin, for state.

### *OPINION*

PER CURIAM.

This is a post-conviction application for a writ of habeas corpus forwarded to this Court pursuant to TEX.CODE CRIM. PROC. art. 11.07, § 3. Applicant was convicted of possession of less than 28 grams of cocaine and punishment, enhanced by a prior conviction, was assessed at confinement for thirty years, consecutive to another sentence. Appeal from this conviction was affirmed, *Salinas v. State,* No. 13–89–824–CR (Tex.App.-Corpus Christi, delivered November 8, 1990, no pet.)

Applicant contends that the Texas Department of Criminal Justice, Criminal Institutions Division [TDCJ–CID], is improperly calculating his sentence in this cause. TDCJ–CID has submitted an affidavit reflecting how Applicant's sentence in this cause is being calculated. Finding that this calculation is not correct, we now grant relief.

The trial court ordered this sentence to run consecutively to a ten year sentence for aggravated assault, and found that Applicant was entitled to credit in this cause for 168 days of pre-sentence confinement. Both sentences were for offenses committed in 1989. Applicant was released from confinement on July 18, 1995, after the Board of Pardons and Paroles voted to release him on parole. That parole was revoked the next year, and Applicant was given credit on his aggravated assault sentence from August 28, 1996.

TDCJ-cid records reflect that this possession of cocaine sentence commenced January 28, 2000. However, the aggravated assault "ceased to operate," and this sentence commenced, on July 18, 1995, when Applicant was released on parole. *Ex parte Kuester,* 21 S.W.3d 264, 270 (Tex. Crim.App.2000). Applicant does not receive credit for the period he was out of custody because his parole was revoked prior to 2001, but Applicant is entitled to credit on this sentence for all the time he has been confined since he was released on parole, so is entitled to credit from August 28, 1996. *Ex parte Hale,* 117 S.W.3d 866, 873 (Tex.Crim.App.2003).

Relief is granted. The Texas Department of Criminal Justice is ordered to amend Salinas's records to reflect that this sentence commenced to run 168 days before August 28, 1996.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice, Criminal Institutions and Parole Divisions.