IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






No. PD-1965-04





ERNEST ALFORD COLLIFLOWER, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SECOND COURT OF APPEALS


PARKER COUNTY





 Johnson, J., delivered the opinion of the unanimous Court.

 

O P I N I O N



 A jury convicted appellant of possession of less than one gram of methamphetamine, and the
trial court orally sentenced him to twenty-four months' confinement in a state-jail facility, to be
served "on top of whatever exists in your other cases that are pending." The trial court's written
judgment ordered that appellant would begin serving this sentence when the 30-year sentence for
another, specifically identified, Parker County conviction, No. 11,556, had ceased to operate. The
court of appeals affirmed the trial court's judgment, but modified the judgment to delete the
cumulation order because, while the trial court's cumulation order in the written judgment was
sufficient, the trial court's oral pronouncement of cumulation was defective "because it provide[d]
no information about the prior sentence." Colliflower v. State, No. 2-03-366-CR (Tex. App. - Fort
Worth, delivered November 18, 2004). Because an oral pronouncement controls over a divergent
written memorialization of the sentence, modification of the cumulation order in the written
judgment was appropriate. Id.

 The State Prosecuting Attorney's two grounds for review claim that the court of appeals erred
in deleting the cumulation order

 1) where the parties stipulated that appellant was the same person convicted
of the prior offense, where the trial court orally ordered the sentences to be stacked,
and where the written judgment contained all of the information required to identify
the prior sentence; and

 2) without conducting a harm analysis.


We granted review of both grounds for review.

 The state acknowledges that "[t]he trial court's oral cumulation order is obviously lacking
in specificity," but it points out that the trial court orally ordered the sentences to be served
cumulatively and that the written judgment contained all of the information required to identify the
prior sentence. It also points out that appellant's stipulation links him to Cause No. 11,556, and the
state suggests that "[a]n insufficiently specific oral order is not a problem as long as the written
judgment contains the necessary information." The state also contends that the trial court's oral
order and the written judgment are not in conflict-the written judgment simply contained more
information than did the oral pronouncement and asserts that "[p]ursuant to Tex. R. App. P. 44.2(b),
any lack of specificity in the cumulation order must be disregarded unless it has affected appellant's
substantial rights." It argues that the substantial right at issue is "the right to have TDCJ-ID
correctly stack the sentences as ordered by the trial court" and that "[a]bsent any indication that
TDCJ-ID is incorrectly stacking appellant's sentences, any error in the cumulation order is
harmless."

 Appellant did not complain to the court of appeals about the specificity of the language in
the written cumulation, nor did the court of appeals hold that such language was deficient. Appellant
now asserts only that, since the oral pronouncement of sentence controls over written
memorialization, the court of appeals correctly found that the written cumulation order was an abuse
of discretion because the nebulous oral pronouncement that the sentence would be consecutive to
other "pending" cases was ineffective because the state did not show any such "pending" cases. He
quotes from The American Heritage Dictionary definition of "pending," "not yet decided or settled," 
and asserts that "[n]o such pending cases were produced in the punishment hearing, or discussed in
counsels' arguments." Appellant also argues that "his substantial rights were affected, and there
clearly was harm, because he is now subjected to a vague cumulative order[, and that i]t strains
reason and logic to argue that the TDCJ-ID will 'properly' cumulate a sentence on another case if
it is obviously impossible to tell from the actual sentence pronouncement what the other sentence
was." (1)

 The general rule, that the oral pronouncement controls, protects a defendant's right to notice
of what punishment was assessed.

 A trial court's pronouncement of sentence is oral, while the judgment, including the
sentence assessed, is merely the written declaration and embodiment of that oral
pronouncement. . . . The rationale for this rule is that the imposition of sentence is
the crucial moment when all of the parties are physically present at the sentencing
hearing and able to hear and respond to the imposition of sentence. . . . At a bare
minimum, due process requires that a defendant be given notice of the punishment
to which he has been sentenced. . . . A defendant has a due process "legitimate
expectation" that the sentence he heard orally pronounced in the courtroom is the
same sentence that he will be required to serve.


Ex parte Madding, 70 S.W.3d 131, 135-36 (Tex. Crim. App. 2002). Defendants rarely see the
written judgment, thus the oral pronouncement acquires great weight. Our case law holds that, if the
oral pronouncement of sentence and the written judgment vary or conflict, the oral pronouncement
controls. Id.; Thompson v. State, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003); Coffey v. State, 979
S.W.2d 326, 328 (Tex. Crim. App. 1998).

 The indictment in this case included two enhancement paragraphs, one of which alleged
Cause No. 11,556. (2) Both the state and defense agreed on the record that, at some point before the
punishment hearing, there had been discussions between the parties about the state's expressed
intention to request cumulation. At the punishment hearing, appellant stipulated that he was the
person named in both enhancements paragraphs, and the state introduced proof that both prior
convictions were final and in the proper time sequence. There was, in appellant's presence,
extensive discussion and argument at the bench about cumulation, with the state urging the trial court
to cumulate the sentence assessed onto the sentence in Cause No. 11,556, and defense counsel
challenging the trial court's ability to do so. Before the hearing ended, the judgment in this case,
including the cumulation order contained within that judgment, was tendered to defense counsel,
who stated, "We have no objections to the form. We only have the objections with regard to
substance." The only defense objections made during the punishment hearing were lack of written
notice, based on state and federal due-process provisions, and a claim pursuant to Apprendi v. New
Jersey, 530 U.S. 466 (2000).

 Even if we were to conclude that the oral pronouncement was, on its face, insufficient,
appellant cannot show harm under either the constitutional or statutory standard. Tex. Code Crim.
Proc. art. 44.2. There was much discussion about "stacking" the new sentence onto the sentence
in Cause No. 11,556, which was identified by both its number and its inclusion in State's Exhibit
13, the pen packet introduced to support the enhancement paragraphs. The trial court's oral
pronouncement of sentence clearly stated that the sentence would be served consecutively, and the
judgment containing the cumulation order was tendered to defense counsel. Thus, at the time of oral
pronouncement of sentence, appellant had become aware during those discussions in open court that
the sentence for the instant offense would be served consecutively to the sentence in Cause No.
11,556. In such circumstances, we cannot conclude that appellant did not have adequate notice that
his sentence in this case would be cumulated or that his substantial rights were violated. (3)

 Accordingly, we reverse the judgment of the court of appeals and remand to that court to
address appellant's remaining point of error.


Delivered: January 31, 2007

Do not publish

1. We note that TDCJ-CID does not receive copies of the reporter's record; it determines the correct
sentence from the judgment, which appellant apparently concedes is sufficient. 
2. The second enhancement paragraph alleged a conviction for which appellant was assessed a five-year
sentence in 1994. There was no discussion of that conviction (or any other convictions) by the parties and, given the
date of conviction, that sentence presumably had been discharged. We might reasonably infer, therefore, that Cause
No. 11,556 was the only available, unserved sentence on which to stack this sentence.
3. Appellant cites two court of appeals opinions, Odlozelik v. State, 837 S.W.2d 825 (Tex. App.-Tyler 1992,
no pet.), and Olivas v. State, No. 10-03-00092-CR, 2005 Tex. App. LEXIS 608 (Tex. App.-Waco 2005, no pet.),
each of which ordered deletion of an insufficient cumulation order in the written judgment. Appellant in this case
does not challenge the sufficiency of the written order; his complaint to the court of appeals was that the oral
pronouncement was inadequate and in conflict with the concededly sufficient written order.