REAVLEY, Circuit Judge,
dissenting:
I must disagree. The majority does not explain what the expectation is or how Hernandez has raised an issue that warrants remand for a hearing and judicial action. From the briefs, I assume that Hernandez has speculated about Texas law on the calculation of sentence completion of two consecutive sentences after the pri- *216 or sentence is eligible for mandatory supervised release, but the Texas Court of Criminal Appeals has answered that question. In Ex Parte Forward, 258 S.W.3d 151 (Tex.Crim.App.2008), that court did so, changing no law, and Hernandez’s sentence complies. I see no basis for a legitimate expectation contrary to Texas law.
The Respondent’s calculation of the release date for Hernandez’s two consecutive sentences is in accord with state law as announced in Forward, 258 S.W.3d at 155. The court there instructed that when, like Hernandez, a defendant’s stacked sentences involve both pre- and post-1987 offenses, the state should calculate a mandatory supervised release date for the release-eligible sentence and then add the length of any release-ineligible sentences to arrive at a final mandatory supervised release date. Id. In effect, this is what the state did here.
Hernandez was sentenced to 18 years for burglary, an offense that was eligible for supervised release. Two years later, he was sentenced to a consecutive ten-year term for murder, which was ineligible for supervised release. Hernandez was physically released to mandatory supervision in 2003. Upon his release, Hernandez had served approximately seven years of the 18-year sentence for burglary and 10 years for murder. His supervision was revoked because of a new offense in 2004, and his final release date was calculated to be in 2014, which accounts for the remainder of his sentence on the burglary conviction. Hernandez has thus served the full sentence for the murder offense, for which he could never be released to supervision, and he partially served the burglary sentence in physical custody and was then released to supervision on that supervised-release-eligible offense. I fail to see how any contrary view of the law on the part of a prisoner would be of legal significance.
Hernandez concedes through counsel’s supplemental brief that Forward resolves how Texas treats mandatory supervision eligibility for consecutive sentences for offenses that were committed pre- and post-1987. But he argues that the Forward approach could not have been applied to him in 1993 or 2004 because of the then-existing law. Hernandez then presents his purported legitimate expectation of finality in his sentences from the pre-Forward Texas state law. But the cases he cites do not contain the same factual or procedural posture present here, i.e., consecutive sentences straddling the pre- and post-1987 supervised release laws, nor does he point to evidence of the state executing such consecutive sentences in the manner he advocates. See Ex Parte Salinas, 184 S.W.3d 240 (Tex.Crim.App.2006); Ex Parte Gabriel, 56 S.W.3d 595 (Tex.Crim.App.2001); Ex Parte Millard, 48 S.W.3d 190 (Tex.Crim.App.2001); Ex Parte Kuester, 21 S.W.3d 264 (Tex.Crim.App.2000); Ex Parte Ruthart, 980 S.W.2d 469 (Tex.Crim.App.1998). The Forward court, which was aware of its own precedent, announced no change in either state law or the statutory construction of the supervised release statutes in light of precedent. The Forward court having said what the law is and was, Hernandez fails to meet his burden of showing a legitimate expectation in the finality of his sentences.
Because I find Forward to be dispositive of the issue here, I find no error in the district court’s judgment and would affirm.