

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

———————————————

No. 07-14-00257-CV

———————————————

## IN RE ALEX J. HERNANDEZ, RELATOR

Original Proceeding Arising from the 237th District Court
Lubbock County, Texas
Honorable Les Hatch, Presiding

September 16, 2014

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Alex J. Hernandez, an inmate proceeding *pro se* and *in forma pauperis* seeks a writ of mandamus to compel the Honorable Les Hatch to respond to his *Motion Nunc Pro Tunc* by which he seeks to have cumulative sentences in cause numbers 98-427711, 98-427742 and 98-428109 corrected.[1]  For the reasons expressed herein, we deny Relator's request.

---

[1] Relator has complied with the requirements of chapter 14 of the Texas Civil Practice and Remedies Code.

**BACKGROUND**

Relator's petition for writ of mandamus is accompanied by a copy of his *Motion Nunc Pro Tunc* bearing a file stamp from the Lubbock County District Clerk of February 3, 2014. In that motion, Relator argues he is being illegally confined by the Texas Department of Criminal Justice. According to his motion, he was sentenced to twenty years for burglary of a habitation in cause number 98-427711, seven years for retaliation in cause number 98-427742 and ten years for aggravated kidnapping in cause number 98-428109. He asserts the twenty-year sentence was "cumulated concurrent" with the other two sentences commencing on December 8, 1998. According to Relator, the judgments in the latter two cause numbers reflect the sentences are to "run concurrent" with the twenty-year sentence. Appellant indicates he has made parole on the twenty-year sentence and is now illegally confined on the seven and ten-year sentences due to TDCJ cumulating the sentences.

According to his motion, Relator has made several attempts to correct the error on his sentences to no avail. He now requests that this Court review the underlying judgments and grant him relief. Relying on *Odlozelik v. State*, 837 S.W.2d 825 (Tex. App.—Tyler 1992, no pet.), he contends the judgments are inconsistent and constitute an improper stacking of sentences in violation of his constitutional rights.

**MANDAMUS STANDARD OF REVIEW**

Mandamus relief is extraordinary. *In re Braswell*, 310 S.W.3d 165, 166 (Tex. App.—Amarillo 2010, orig. proceeding) (citing *In re Southwestern Bell Telephone Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding)). "Mandamus issues only to

2

correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding) (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding)). To show entitlement to mandamus relief, a relator must satisfy three requirements: (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

Initially, we address Relator's failure to comply with most of the mandatory requirements of Rule 52.3 of the Texas Rules of Appellate Procedure. *See generally* TEX. R. APP. P. 52.3(a)-(k). Although Relator has included a copy of the motion pending in the trial court, he has not included copies of the three judgments he asserts will show his sentences should have run concurrently. Without those judgments it would be impossible for this Court to determine any appropriate relief.

A party proceeding *pro se* is not exempt from complying with rules of procedure. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). Relator has not provided this Court with a sufficient record to determine whether he is entitled to mandamus relief. *See Walker*, 827 S.W.2d at 837. *See also In re Bates*, 65 S.W.3d 133, 135 (Tex. App.—Amarillo 2001, orig. proceeding).

**CONCLUSION**

Relator's petition for writ of mandamus against the Honorable Les Hatch is denied.[2]

Patrick A. Pirtle
Justice

---

[2] A writ of habeas corpus filed pursuant to article 11.07 of the Texas Code of Criminal Procedure is a more appropriate avenue for review of Relator's sentences. *See Ex parte Salinas*, 184 S.W.3d 240 (Tex. Crim. App. 2006).