

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-22-00294-CR

_____

LARRY GENE STRICKLAND II, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. 14249, Honorable Bryan T. Bufkin, Presiding

August 11, 2023

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Pursuant to a plea agreement, Appellant, Larry Gene Strickland II, was granted deferred adjudication community supervision for six years for the offense of possession of methamphetamine in an amount of one gram or more but less than four grams.[1] The trial court imposed a $1,500 fine. A year later, the State moved to proceed to adjudication alleging Appellant had failed to pay court costs from November 2021 through February

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.115(c).

2022, and had also failed to complete the required hours per week of restitution for June 2021, July 2021, September 2021, December 2021, and February 2022. At a hearing on the State's motion, Appellant entered pleas of not true to each alleged violation, and the trial court heard testimony from Appellant's community supervision officer, who confirmed the alleged violations. The trial court found both allegations to be true and adjudicated Appellant guilty of the original offense. Sentence was imposed at ten years' confinement ordered to run consecutively with another sentence. By his first two of four issues,[2] Appellant challenges the validity of the cumulation order based on insufficient evidence. By issue three, he presents a public policy argument on governmental overreach, and by his fourth issue, he maintains fines, fees, and costs should be stricken due to insufficient evidence of a change in his indigency status and the trial court's failure to orally pronounce the assessments. We modify in part and as modified, affirm the *Judgment Adjudicating Guilt*.[3]

## BACKGROUND

In 2018, Appellant was charged with possession of methamphetamine. The trial court deferred adjudication in March 2021. A year later, the State moved to adjudicate for violations of the terms of community supervision. The trial court found the State presented sufficient evidence to support adjudication after Appellant's community

---

[2] Appellant filed a reply brief clarifying his arguments and responding to the State's contentions.

[3] Originally appealed to the Second Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001. Should a conflict exist between precedent of the Second Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

supervision officer testified Appellant failed to pay court costs and fees monthly as required and did not complete his restitution for five months.

When asked for a recommendation, the officer responded Appellant's community supervision should be revoked.  The recommendation was based on other charges that occurred prior to Appellant being placed on community supervision.

The trial court pronounced sentence as follows:

The Court: Then I do now formally pronounce the sentence of ten years . . . . In this Court's discretion, I will order that that sentence not begin until the sentences in Cause No. CR14643 - - and if that's not the correct number, the - - the cause number involving the possession of child pornography - - and those counts cease.  So I'm ordering that this sentence not begin until your prior prison sentences have ceased to operate and so this would be considered consecutive to those.

Defense Counsel: Your Honor, he objects to that and he also - - he - - I also point out there's been no request that the sentences be stacked . . . that's why we object to that.

The summary portion of the *Judgment Adjudicating Guilt* recites the sentence shall run consecutive with "CR14643 Count 1, CR14643 Count 2, CR14643 Count 3, and CR14643 Count 4."  No further details are included in the portion of the judgment for "special findings or orders."

ISSUES ONE AND TWO—CUMULATION OF SENTENCES

Appellant contends the evidence is insufficient to permit the trial court to exercise its discretion to stack sentences pursuant to article 42.08(a) of the Texas Code of Criminal Procedure.  We agree.

A trial court has broad discretion to cumulate sentences. TEX. CODE CRIM. PROC. ANN. art. 42.08(a); *Byrd v. State*, 499 S.W.3d 443, 446 (Tex. Crim. App. 2016). A trial court's decision under article 42.08(a) is reviewed for abuse of discretion. *Id.*

A cumulation order should be sufficiently specific to allow the Texas Department of Criminal Justice to identify the prior conviction with which the new conviction is cumulated. *See Ex parte San Migel*, 973 S.W.2d 310, 311 (Tex. Crim. App. 1998). A final judgment should reflect sufficient information on its face to impart to the Department how long to detain an inmate. *Ex parte Lewis*, 414 S.W.2d 682, 683 (Tex. Crim. App. 1967).

The record must contain some evidence connecting the defendant with the prior conviction to cumulate sentences. *Moore v. State*, 371 S.W.3d 221, 226 (Tex. Crim. App. 2012). A cumulation order should contain the following information: (1) the cause number of the prior conviction, (2) the correct name of the court in which the prior conviction occurred, (3) the date of the prior conviction, (4) the term of years assessed in the prior case, and (5) the nature of the prior conviction. *Ward v. State*, 523 S.W.2d 681, 682 (Tex. Crim. App. 1975); *Gaston v. State*, 63 S.W.3d 893, 900 (Tex. App.—Dallas 2001, no pet.). Cumulation orders containing less than the recommended elements have, however, been upheld. *Banks v. State*, 708 S.W.2d 460, 461 (Tex. Crim. App. 1986) (agreeing with the State cumulation is proper when the record contains the necessary information to do so). A cause number alone may be sufficient but only when the court which entered the prior judgment of conviction is the same and the prior conviction occurred during the same term of the court. *Ex parte Lewis*, 414 S.W.2d at 683.

The State asserts in its brief the cumulation order was valid "because the same trial court pronounced Appellant's prior conviction." The State further asserts the same trial court presided over Appellant's previous trial. These recitations are not contained in the appellate record and cannot be considered on appeal. *See Roughley v. Tex. Tech Univ. Health Scis. Ctr.*, No. 02-08-00222-CV, 2009 Tex. App. LEXIS 438, at *3 (Tex. App.—Fort Worth Jan. 22, 2009, no pet.) (mem. op.). There was no announcement by the trial court nor is there any indication in the record it had previously convicted Appellant.

Here, the cumulation order includes four counts in one cause number without any other details. There are no special findings in the judgment providing further information. Simply including cause numbers in a judgment was rejected in *Olivas v. State*, No. 10-03-00092-CR, 2005 Tex. App. LEXIS 608, at *2–3 (Tex. App.—Waco Jan. 26, 2005, no pet.) (mem. op., not designated for publication). Also, the trial court pronounced cumulation with "the sentences in Cause No. CR14643 - - and if that's not the correct . . . the cause number involving the possession of child pornography." The trial court's oral pronouncement that a sentence "shall run consecutive with any other sentence now being served" was held void in *Odlozelik v. State*, 837 S.W.2d 825, 826 (Tex. App.—Tyler 1992, no pet.). *But see Price v. State*, 2022 Tex. App. LEXIS 9568, at *5 (Tex. App.—Amarillo Dec. 29, 2022, pet. ref'd) (finding similar language did not void cumulation order where record contained a copy of prior judgment as an exhibit which provided all the necessary information to justify the cumulation order).

The State claims the community supervision officer "identified Appellant and linked Appellant to his prior conviction" when she testified Appellant was "in custody on other charges that happened pre-probation." Such a general statement to "other charges" does

5

not provide sufficient information to support a cumulation order. The State asserts the prosecutor's question to the supervision officer regarding Appellant's "current incarceration" is also sufficient information to support a cumulation order. Assertions in the State's brief and a reference to Appellant's incarceration provide little in terms of the recommended elements justifying a cumulation order and do not establish the prior conviction occurred in the same trial court. Nor does such scant information inform the Department how long Appellant should be incarcerated.

A trial court may take judicial notice of its own records, including all judgments and convictions entered by it. *See Turner v. State*, 733 S.W.2d 218, 221–22 (Tex. Crim. App. 1987). Here, however, the State asks this Court to make assumptions not supported by the record that the trial court was the convicting court in Appellant's prior case. The trial court, in pronouncing sentence, did not announce it was taking judicial notice of a prior conviction it rendered. *See id.* at 223 (noting there was no request for the trial court to take judicial notice and the court did not announce it was doing so). We conclude the cumulation order is not supported by the record.[4] We sustain issues one and two.

---

[4] Appellant contends the State failed to meet its burden of proof and the State asserts it satisfied its burden by a preponderance of the evidence. However, article 42.08(a) does not articulate a burden of proof in vesting the trial court with discretion to cumulate sentences. *See generally Phillips v. State*, No. 08-11-00165-CR, 2012 Tex. App. LEXIS 3870, at *2 (Tex. App.—El Paso May 16, 2012, pet. ref'd) (mem. op., not designated for publication) (defendant argued his Sixth Amendment right was violated by cumulation of sentences without a burden of proof).

**ISSUE THREE—PUBLIC POLICY**

Appellant maintains upholding the cumulation order without anything more than a cause number would result in government overreach. Our disposition of issues one and two pretermits consideration of issue three. *See* TEX. R. APP. P. 47.1.

**ISSUE FOUR—FINES, COURT COSTS, AND FEES**

Appellant contends the evidence is insufficient to support imposition of a fine, court costs, and fees, as well as restitution based on his indigence status and the trial court's failure to orally pronounce such amounts. We agree in part for other reasons as to the fine and restitution but disagree on court costs.

Appellant is correct that a fine must be orally pronounced. *Weir v. State*, 278 S.W.3d 364, 366 (Tex. Crim. App. 2009). But here, pronouncement in the trial court was unnecessary. When an accused is placed on deferred adjudication, no sentence is imposed. *See Davis v. State*, 968 S.W.2d 368, 371 (Tex. Crim. App. 1998); *Alexander v. State*, 301 S.W.3d 361, 363 (Tex. App.—Fort Worth 2009, no pet.). If the trial court later adjudicates guilt, the order doing so sets aside the order of deferred adjudication, including any previously assessed fine. *Taylor v. State*, 131 S.W.3d 497, 501–02 (Tex. Crim. App. 2004).

The underlying order of deferred adjudication reflects imposition of a $1,500 fine. However, the *Judgment Adjudicating Guilt* reflects "$N/A" under the heading "Fines." The final judgment set aside the order deferring adjudication; thus, no fine was imposed and

any obligation by Appellant to continue paying a fine was extinguished by the final judgment.[5]

Restitution is also considered punitive and must be orally pronounced. *Weir*, 278 S.W.3d at 366–67); *Lyle v. State*, No. 02-17-00227-CR, 2019 Tex. App. LEXIS 5939, at *8 (Tex. App.—Fort Worth July 11, 2019, pet. ref'd) (mem. op., not designated for publication). However, just as with the fine discussed herein, the restitution of $180.00 reflected in the order deferring adjudication was extinguished by the *Judgment Adjudicating Guilt* which shows "$N/A" under the heading "Restitution." Appellant's obligation to pay restitution also ceased.

Conversely, courts costs and fees are not intended to be punitive like a fine; rather, they are compensatory and need not be pronounced in open court. *Weir*, 278 S.W.3d at 366. Thus, a defendant's indigency status is not a bar to assessment and collection of legislatively mandated costs and fees. *See Garza v. State*, No. 02-14-00206-CR, 2015 Tex. App. LEXIS 5419, at *21 (Tex. App.—Fort Worth May 28, 2015, pet. dism'd) (mem. op., not designated for publication) (citing *Williams v. State*, 332 S.W.3d 694, 700 (Tex. App—Amarillo 2011, pet. denied)). The court costs of $765.00 reflected in the final judgment are properly assessed against Appellant. Issue four is overruled.

---

[5] Because the *Order of Deferred Adjudication* was not appealed, Appellant was obligated to pay assessments pursuant to his plea agreement. *See Wiley v. State*, 410 S.W.3d 313, 319–21 (Tex. Crim. App. 2013).

**CONCLUSION**

We reform the *Judgment Adjudicating Guilt* to reflect "THIS SENTENCE SHALL RUN CONCURRENTLY" in the summary portion. As reformed, the judgment is affirmed.


Alex Yarbrough
Justice

Do not publish.

9