EX PARTE PAUL BELL

No. 27,370. November 17, 1954

*E. R. Wright,* Huntsville, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

This is an original application for writ of habeas corpus brought by relator seeking his release from the Texas Prison System.

Relator is confined by virtue of sentences from the district courts of Wichita, Palo Pinto, Tarrant and Hutchinson Counties. None of these sentences attempt to cumulate each other except that from Tarrant County. Relator contends that such cumulation is insufficient. It reads as follows:

"It is further ordered that the punishment under this sentence shall begin when the Judgment and Sentence in Cause No. 9120, in the District Court of Wichita County, Texas and the Judgment and Sentence in Cause No. 5062, in the District Court of Palo Pinto County, Texas have ceased to operate."

Relator states that the nearest case in point is Ex parte Collier, 156 Texas Cr. Rep. 377, 243 S.W. 2d 177, but points out that the Collier sentence contained an additional phrase not found in the above, to-wit, "now being served by Don R. Collier."

Relator contends that the order of cumulation contained in the Tarrant County sentence makes no reference to the person

who was sentenced in said causes and contains no finding that the relator was the same person. He also asserts that to uphold this order would empower a court to cumulate a sentence with another yet to be tried. We may dispose of the last contention by referring to the instant order which mentions the judgment and sentence and thereby shows upon its face that such cases had been tried.

The first contention requires further study. In the Collier case, supra, we said:

"The reason for this rule is that the sentence is a final judgment and should be sufficient on its face to effect its purpose without resort to evidence in aid thereof. It should further convey to the penitentiary authorities clear and unequivocal orders of the trial court so that they may know definitely how long to detain the convict."

Applying this test to the case at bar, what evidence would be required to aid this sentence? When the penitentiary authorities received relator with his new sentence from Tarrant County they merely added the term of that sentence to the term of years for which relator was being held in two definitely described sentences from Wichita and Palo Pinto Counties.

No sentence, however wordy, could provide against the contingency that the penitentiary authorities might find it necessary to identify a convict. Such a contingency would have to be met by their identification bureau.

Referring again to the Collier case, we said:

"This court has through the years admonished the trial courts to incorporate in their cumulative sentence a full description of the prior proceeding in the interest of accuracy, but in this case we feel that a recitation of the number of the cause and the court in which the convict was sentenced is sufficient."

The relief prayed for is denied.