**Ex parte Jack SHIELDS.**

No. 36341.

Court of Criminal Appeals of Texas.

Oct. 16, 1963.

Reginald Bracewell, Huntsville, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

Relator was convicted in cause # 535 in the District Court of Gray County on May 18, 1933, for the offense of robbery and his punishment was assessed at 10 years. On the following day in the same Court he was again sentenced for an offense of the same nature and again assessed a 10 year punishment. On November 27, 1933, relator was convicted in the District Court of Wheeler County and assessed a term of twenty years which sentence was cumulative to the May 19 conviction in Gray County.

We overrule his contention that the order of cumulation in the second Gray County case is invalid because it recites that the May 18 conviction was for the offense of burglary rather than robbery. The number of the cause, the date and the name of the Court was set forth in the order of cumulation and this Court has held that when such an order contains only two, rather than three, details of the prior conviction the order is valid, Ex parte Collier, 156 Tex.Cr.R. 377, 243 S.W.2d 177, Ex parte Bell, 160 Tex.Cr.R. 490, 272 S.W.2d 530. See also Ex parte Dyess, 161 Tex.Cr.R. 29, 274 S.W.2d 695, and Ex parte Daffern, 162 Tex.Cr.R. 472, 286 S.W.2d 151.

Relator's next contention is the most serious. On December 5, 1934, the Governor of Texas granted relator a 60 day furlough. Instead of honoring this furlough, the Texas prison officials wired the prison officials of the State of Louisiana notifying them of the furlough and requested to know if they wanted custody of petitioner, as they understood he was an escapee of that institution. The Louisiana officials replied in the affirmative and came and got petitioner *after* he had executed a full waiver of extradition.

Petitioner was released on parole from the Louisiana State Penitentiary on June 2, 1944, from which said parole he was dis-

charged on April 7, 1948, and remained at large for a number of years.

Thereafter on May 12, 1960, petitioner was convicted in the United States District Court for the Western District of Tennessee for a felony and assessed a term of five years. He was paroled from the Federal Prison on May 12, 1962, but was transported to Jasper, Texas, where he was convicted of passing as true a forged instrument and assessed a term of two years, for which he has sufficient credit to have served, but is now being confined in the Texas Department of Corrections by virtue of the foregoing sentences.

His principal contention is that when the Texas prison officials released him to the Louisiana authorities on December 7, 1934, they waived all claim to recommit him and require him to serve the unexpired Gray and Wheeler County sentences set forth in the beginning.

■ As the Supreme Court of Illinois said in People ex rel. Milburn v. Nierstheimer, 401 Ill. 465, 82 N.E.2d 438, the power of the Governor to grant pardons or commutations of sentences could not be delegated. While the prison officials failed to comply with the executive order for a 60 day furlough, they had no authority to convert the same into a full pardon which is exactly what petitioner is here asking us to hold that they did when they turned him over to the Louisiana authorities. See also People ex rel. Pring v. Robinson, 409 Ill. 105, 98 N.E.2d 119.

Relator cites the Kentucky cases of Jones v. Rayborn, Ky., 346 S.W.2d 743, Davis v. Harris, Ky., 355 S.W.2d 147 and Thomas v. Schumacher, Ky., 360 S.W.2d 215. Under neither of the cases cited nor any case from this Court which has come to our attention did the State of Texas waive the right to require relator to serve the remainder of his sentences following his being returned to the penitentiary to serve a sentence upon a later conviction in this State. To hold otherwise would delegate to

subordinates the extent of punishment for crime and thus disregard the public interest in this serious matter.

Assuming without agreeing that petitioner is entitled to credit on his Texas sentences for the time he spent in the Louisiana State Penitentiary, he has not shown that he has nearly enough time to satisfy them.

The petition is denied.