**Ex parte Ronald LEWIS.**

**No. 40331.**

Court of Criminal Appeals of Texas.

May 3, 1967.

David Bolton and Sue Goolsby, Dallas, for petitioner.

Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

This is an original application for Writ of Habeas Corpus brought by relator seeking his release from the Texas Department of Corrections. Relator alleges that the orders cumulating the sentences by virtue of which he is confined are insufficient.

From the record before us it appears that relator, who had been released on conditional pardon from two Dallas County sentences, was convicted and sentenced on June 23, 1947, in Criminal District Court No. 2 of Harris County, Texas, in Causes Nos. 58,481, 58,482, 58,483, 58,484, 58,486, 58,487, and 58,506. On the same date it appears relator was sentenced in Cause No. 58,505 in the Criminal District Court of Harris County. The sentences in Causes Nos. 58,481, 58,483, 58,484, and 58,486 were for not less than two years nor more than five years, and the sentence in Cause No. 58,487 was for two years. None of these sentences contained an order of cumulation.

The sentence in Cause No. 58,482 is for not less than two years nor more than five years and the order of cumulation contained therein reads: "Sentenced cumulative with sentence from Dallas County, Texas, under name of 'Ronald Lee Lewis', No. 104209 TSP.".

The five year sentence in Cause No. 58,506 reads in part: "Sentenced cumulative with No. 58482.".

The two to ten year sentence entered in Cause No. 58,505 entered in the Criminal District Court of Harris County reads in part: "Sentenced cumulative with No. 58506 * * *.".

■ A sentence is a final judgment and should be sufficient on its face to effect its purpose without resort to evidence in aid thereof. It should further convey to the authorities at the Texas Department of Corrections or any County jail clear and unequivocal orders of the trial court so that they may know definitely how long to detain the convict or prisoner.

■ This Court over the years has admonished trial courts to incorporate in their cumulative sentences a full description of the prior conviction in the interest of accuracy. Ex parte Collier, 156 Tex.Cr.R. 377, 243 S.W.2d 177. In Ex parte Hamilton, 163 Tex.Cr.R. 283, 290 S.W.2d 673, it was pointed out that an order of cumulation should give

(a) the number of such prior conviction,

(b) the correct name of the Court in which the prior conviction was had,

(c) the date of the prior conviction, and

(d) the term of years assessed in the prior case.

See also Ex parte Richmond, 163 Tex.Cr.R. 321, 290 S.W.2d 909; Ex parte Cox, 29 Tex.App. 84, 14 S.W. 396. It would further seem desirable, though not essential, to include in the cumulation order the offense for which the defendant has been previously convicted. Willson's Criminal Forms, Anno. 7th Ed. Sections 2930, 2969.

Despite the lack of some of the specific and definite recitals recommended, this Court has upheld cumulated sentences which were substantially and sufficiently specific to authorize the punishment sought to be imposed.

In Ex parte Shields, Tex.Cr.App., 371 S.W.2d 395, an order of cumulation containing the number of the cause, the date, and name of the Court was held sufficient. There it was noted that this Court had held cumulation orders valid when such orders contained two, rather than three, details of the prior conviction, citing Ex parte Daffern, 162 Tex.Cr.R. 472, 286 S.W.2d 151; Ex parte Dyess, 161 Tex.Cr.R. 29, 274 S.W.2d 695; Ex parte Bell, 160 Tex.Cr.R. 490, 272 S.W.2d 530; Ex parte Collier, 156 Tex.Cr.R. 377, 243 S.W.2d 177. See also, Ex parte Pruitt, Tex.Cr.App., 385 S.W.2d 384; Ex parte Isom, 168 Tex.Cr.R. 434, 331 S.W.2d 753.

With this background we now examine the cumulation orders in the case at bar.

■ In Ex parte Robbins, 158 Tex.Cr.R. 44, 253 S.W.2d 53, this Court held invalid a cumulation order similar to the one in Cause No. 58,482, in which reference was by prison number and contained no reference to either court or cause number. The order in Cause No. 58,482 is therefore insufficient.

■ The order in Cause No. 58,506 is deemed sufficient although reference is made only to the previous cause number since the order was in the same court and on the same day as the sentence to which it is made cumulative. Ex parte Ogletree, 168 Tex.Cr.R. 429, 328 S.W.2d 446, 447; Ex parte Lee, 161 Tex.Cr.R. 398, 278 S.W. 2d 137. While such form is not recommended, it has been held that the rule of certainty as to the beginning and ending of each sentence is not so strict as it is when the sentences sought to be cumulated are from

different courts. Ex parte Hatfield, 156 Tex.Cr.R. 92, 238 S.W.2d 788; Ex parte Johnson, Tex.Cr.App., 218 S.W.2d 200; Ex parte Snow, 151 Tex.Cr.R. 640, 209 S.W.2d 931. Nevertheless, the like cumulation order in Cause No. 58,505 is not sufficient because, although entered on the same day and in the same county, it was entered in a different Court. Ex parte Cannon, 161 Tex.Cr.R. 447, 278 S.W.2d 850; Ex parte Lucas, 161 Tex.Cr.R. 144, 275 S.W.2d 816; Ex parte McFarland, 160 Tex.Cr.R. 641, 274 S.W.2d 71; Ex parte Coleman, 159 Tex.Cr.R. 48, 261 S.W.2d 351; Ex parte McClain, 158 Tex.Cr.R. 115, 253 S.W.2d 863.

The relator, having shown by certificate of the Texas Department of Corrections that he has served in excess of all concurrent sentences and the validly cumulated Harris County sentence, is entitled to be discharged and is ordered released from custody.