**Ex parte Claude C. CLIFTON.**

**No. 40327.**

Court of Criminal Appeals of Texas.

May 31, 1967.

Sam R. Wilson, Houston, for petitioner.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

This is an original application for a writ of habeas corpus.

The relator contends that he is illegally confined in the Texas Department of Corrections.

In 1931, the relator was convicted of robbery in Wharton County with punishment assessed at twenty-five years;

In 1932, the relator was convicted of felony theft in McLennan County with punishment assessed at ten years and the sentence contains cumulative provisions;

In 1941, the relator was granted a six months reprieve by the Governor, which was followed by three one-year extensions, the third being granted in December, 1944;

On January 4, 1946, the relator was granted a conditional pardon.

In the latter part of 1946, the relator pleaded guilty to post office burglary in the United States District Court for the Eastern District of Arkansas and his punishment was assessed at ten years.

On January 17, 1947, while the relator was in federal custody the Texas Governor revoked his conditional pardon because of such federal conviction.

On June 28, 1953, there being no detainers on him, the relator was released on parole from U. S. Penitentiary in Atlanta, Georgia, after serving six years and one month.

On November 27, 1956, relator was committed to the Mississippi Penitentiary on a seven-year burglary sentence.

On February 1, 1961, the relator was released from the Mississippi Prison and returned as a parole violator to U. S. Penitentiary in Atlanta.

On July 17, 1964, upon his release from federal custody, the relator was returned to the Texas Department of Corrections.

Relator insists that the order of cumulation in the McLennan County case in 1932, with the 1931 Wharton County case is invalid because of the inadequate description of the Wharton case.

The McLennan sentence concludes with this order:

"It is further ordered by the Court that the sentence in this case begin at and run from the expiration of a 25 year sentence in Wharton County, Texas, against this defendant."

■ It is concluded that the order containing the name of the county which had only one district court at the time the order was entered, and the extent of the punishment imposed, is sufficient. Ex Parte Daffern, 162 Tex.Cr.R. 472, 286 S.W.2d 151.

■ Relator insists that he should receive credit on his sentence for the time he was out of custody pursuant to the reprieve, its extensions and the conditional pardon. He argues that the reprieve did not contain provisions that time out of custody, upon revocation, would not be credited on his sentence, and for this reason he is entitled to such credit. He also argues that, this being true as to the original reprieve, it is also true as to its extensions, even though they contained such provisions, because he had no knowledge of the provisions.

The original reprieve is conditioned that if further clemency is desired application must be filed ten days before its expiration; and the extensions and the conditional pardon provide that upon revocation, the clemency or any previous clemency shall not be credited as time served upon his sentence. The required request for further clemency which was granted sufficiently shows relator had knowledge of their provisions.

■ Relator's discharge is strenuously urged upon the ground that for more than ten years after revocation of his clemency, Texas showed no interest in his return to prison, filed no detainers, and took no affirmative action after revocation, and to now require him to serve the balance of the Texas sentences constitutes a denial of due process.

■ If credited with time on his Texas sentences since his first release on parole from federal custody until his return to Texas custody, it still remains that the relator has not served the Wharton and McLennan County sentences as cumulated, and he is now legally confined.

In the light of the relator's ten-year conviction for post office burglary in Arkansas in 1946, and his seven-year burglary conviction in Mississippi in 1956, which were after the conditional pardon granted to him in Texas, it is concluded that the further confinement of the relator under the above cumulated sentences does not deprive him of due process.

The application for writ of habeas corpus is denied.

MORRISON, Judge (dissenting).

The majority clearly overlooks the lesson which this Court should have learned when the U. S. Court of Appeals for the Fifth Circuit in Shields v. Beto, 370 F.2d 1003, clearly overruled the earlier opinion of this Court in Ex parte Shields, 371 S.W.2d 395.

The similarity of the two cases is striking. In Shields, the Circuit Court held that, since Texas had shown no interest in Shields from the time of his release from the Louisiana penitentiary on December 5, 1934, until May 12, 1962, any further confinement of Shields under his 1932 conviction con-

stituted a deprivation of due process and ordered Shields released.

In the case at bar, Texas knew that this relator had been charged with a Federal offense on January 16, 1947, because the Governor revoked his conditional pardon because of such charge, but Texas showed no interest in him during his six years' confinement in the U. S. penitentiary or thereafter and until he was taken into custody on July 17, 1964, to serve the remainder of his 1931 and 1932 convictions.

If Shields was deprived of due process, so was this relator.

I respectfully dissent, and my brother ONION, J., joins me.